```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**ARTHUR STAR LOGAN,**

                Petitioner,

      v.                      CASE NO.  08-3236-SAC

**STATE OF KANSAS,**

                Respondent.

### O R D E R

These papers beginning with "Motion" for "writ of habeas corpus/601507" were received from a Kansas offender located at the Larned State Hospital.  They were initially filed in this court as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 because they are entitled a motion for writ of habeas corpus, they are from a person in state custody, and they contain challenges to petitioner's state convictions.

A motion under K.S.A. § 60-1507 is not properly filed in federal court, but is a habeas proceeding in the state district court.  However, petitioner confuses federal and state court habeas actions because he has written the name of this court in the caption of his motion, along with "601507", the United States Supreme Court, and the "Supreme Court for Kansas."  It is clear that petitioner has not provided sufficient information for this court to determine whether this matter is properly filed in this court as a § 2254 petition.

Mr. Logan will be given time to state whether or not he wants this action to proceed in this court as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  If he does, he must complete the forms provided by this court for filing a § 2254 petition and

submit them as an "Amended Petition". He must write the case number and correct caption of this case, (<u>Andrew Star Logan v. State of Kansas</u>, Case No. 08-3236) in the caption on the forms. An Amended Petition will supercede and completely replace the papers provisionally filed as a petition in this case. Thus, it is vital for Mr. Logan to state all his claims challenging his state convictions, and the facts in support of those claims in his Amended Petition. He must answer all questions on the forms, including those requiring that he show he has exhausted all available state court remedies on each of his claims. If petitioner does not file an Amended Petition on § 2254 forms provided by this court within the time allotted, this action may be dismissed without further notice.

If Mr. Logan did not intend to file a habeas corpus action in federal court, but actually meant to file a 60-1507 motion in state district court, then he must so advise this court so that this action may be dismissed. In that event, the court will order copies of his papers returned to him for him to send to the appropriate state district court.

Mr. Logan states, and Department of Corrections on-line records indicate, he was convicted in Sedgwick County of attempted rape and kidnaping in 1976, and of possession of burglary tools in 1968. He may not challenge these two separate state criminal actions in one federal habeas corpus petition. Instead, he will have to file one petition challenging his 1976 convictions, and a second, separate petition challenging his 1968 conviction.

Another problem with the materials submitted by Mr. Logan is that they are for the most part illegible. Plaintiff should either

2

carefully print, type, or seek assistance with the writing of his Amended Petition.

Mr. Logan is aware that he must have exhausted all available state court remedies before he may properly proceed in a habeas corpus action in federal court.  The court barely makes out that Mr. Logan has asked "the court of Wichita" for four sets of "60-1507 forms," in order to exhaust state remedies before presenting his grounds to federal court, but the Wichita court "refuses" to send forms[1].  If Mr. Logan has not exhausted state court remedies on his habeas claims, and hopes to use this scenario as an excuse for his failure to exhaust, he will have to present some evidence to this court, beyond just his bald statements, that he has properly requested forms from the correct state court.

Petitioner states he is "seeking to challenge the judgment" of, and his conviction by, a 15-member jury.  He also complains of his habitual criminal sentence of 50 years without parole.  He mentions "not a fair trial" and wonders how a man can be convicted for possession of burglary tools when he was not arrested or seen with such tools.[2]  He also states his conviction was obtained by the use of evidence obtained pursuant to an unlawful identification procedure.  He does not clearly indicate which of his claims pertain to his 1968 conviction and which to his 1976 convictions.  His proper and careful use of the § 2254 forms should help him clearly

---

[1] The state district court in Wichita is the District Court of Sedgwick County, Kansas.  Petitioner should be sure he is contacting the correct court.  Federal and state courts are not connected.  He must put the name of one court only on his papers, not three; and that name must be the court in which he is filing his papers.

[2] Petitioner claims there was no proof he possessed burglary tools, and that he was charged and convicted in 1967 as a cover up and because he witnessed the beating death of a mental patient by two jailers in 1967.

state his claims.

The court also makes out the words "parole board," refusing to sign parole plan, equal protection of the law, the KKK, and petitioner's statements that he became ill, obtained medicine from a nurse at a county jail and became more ill, and allegedly witnesses a murder by policemen in a jail in 1967.  Plaintiff may not raise claims such as denial of medical care and improper denial of parole in a habeas corpus petition under 28 U.S.C. § 2254.  Instead, he will have to file separate actions to pursue such claims.   Mr. Logan has previously been informed on numerous occasions by this court that he must raise challenges to his state convictions by filing a petition under 28 U.S.C. § 2254, and not try to include habeas claims in a civil rights complaint.

Mr. Logan shall be provided forms and given thirty (30) days to complete and file them as an Amended Petition in this case.  He must file an Amended Petition herein if he intends, as it appears, for this action to proceed as a challenge to his 1968 state court conviction for possession of burglary tools.  If he intends anything else, he must clearly explain what type of action he intends this to be, what each of his claims are, and under what authority he seeks relief in federal court.

**FILING FEE OR MOTION REQUIRED**

In order to proceed in this action as a habeas corpus petition, Mr. Logan must either pay the filing fee of $5.00[3] or submit a motion for leave to proceed without prepayment of fees.  28 U.S.C.

---

[3]   The filing fee for a civil rights complaint is $350.00.

§ 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Mr. Logan has been informed of this requirement on numerous prior occasions.  The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a), and petitioner will be given time to pay the fee or submit a proper motion with all required supporting documentation.  If petitioner fails to satisfy the filing fee within the prescribed time, this action may be dismissed without prejudice and without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to file an Amended Petition on forms provided by the court in which he states habeas corpus claims relating to only one state criminal proceeding, or to inform the court as to what other proper proceeding he intended and under what authority.

**IT IS FURTHER ORDERED** that within the same thirty (30) days petitioner must either pay the filing fee or submit a motion for leave to proceed without prepayment of fees as advised above, or this action will be dismissed without prejudice.

The clerk of the court is directed to transmit to petitioner forms for filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Motion to Proceed Without Prepayment of Fees.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2008, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge